**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT J. ELLIS, | No. 14-15426 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-02197-CKD |
| v. | |
| FAULK; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding[**]

Submitted April 22, 2015[***]

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Robert J. Ellis, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that state

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Ellis consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

officials improperly banned, confiscated, and destroyed his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Ellis's procedural due process claims because Ellis failed to allege facts sufficient to show that he was deprived of a liberty interest cognizable under the Due Process Clause. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (states can create liberty interests protected by the Due Process Clause where prison officials "impose[] atypical and significant hardship on the inmate in relation to ordinary incidents of prison life."). Moreover, Ellis had an adequate post-deprivation remedy under California law. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) (a negligent or intentional deprivation of a prisoner's property fails to state a claim if the state has an adequate post-deprivation remedy, which California provides).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Ellis's "Motion Notice of Submission of Exhibits and Further Statements," received December 19, 2014, is in effect an addendum to Ellis's informal opening brief. The Clerk is directed to file the motion.

**AFFIRMED.**